UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT NYMAN,

    *Plaintiff*,

v.

JOHN PHELAN, SECRETARY OF THE NAVY,

    *Defendant*.

No. 19-cv-03595 (DLF)

**MEMORANDUM OPINION AND ORDER**

    Scott Nyman brought this action against the Navy to change his military discharge status. Before the Court is Nyman's Motion for Attorney's Fees. Dkt. 24. For the reasons that follow, the Court will deny the motion.

**I.    BACKGROUND**

    Nyman entered the U.S. Marine Corps in 1980 and was discharged for a physical disability (multiple sclerosis) in 1999. Compl. ¶¶ 7–9, Dkt. 1. Nyman was ten months short of the twenty years of service required to be eligible for regular retirement. *Id.* ¶ 9. He petitioned the Board for Correction of Naval Records (the Board) three times—in 2005, 2009, and 2018—to seek regular retirement instead of disability retirement. *Id.* ¶¶ 10–17. Each time, the Board denied his request. *Id.*

    In 2019, Nyman filed this action challenging the Board's most recent denial of his application. In 2020, the Navy moved to remand the case to the Board so it could again consider Nyman's application. Def.'s Mot. for Remand at 1, Dkt. 11. The Navy requested the Court stay the case while the matter was remanded, *see id.*, but Nyman requested that the Court instead

"enter final judgment in his favor," Pl.'s Opp'n at 2, Dkt. 12.  The Court granted the Navy's motion to remand, denied Nyman's motion for final judgment, and stayed the case.  Dkt. 14.

Upon reconsideration, the Board determined that it had not erred in denying Nyman's application.  Board's Decision at 3, Dkt. 22-1.  Nonetheless, the Board found "the existence of an injustice [that] warrant[ed] the corrective action," and granted Nyman "sufficient constructive serve credit to reach 20 years of active duty service" and receive regular retirement.  *Id.*  After the Board's decision, Nyman returned to this Court and filed a motion for entry of final judgment and, in the alternative, a motion to dismiss.  Dkt. 22.  The Court denied the motion to enter final judgment, instead dismissing the case as moot under Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Minute Order of Feb. 5, 2024; *see* Fed. R. Civ. P. 41(a)(2).  Nyman then moved for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  Dkt. 24.

## II.   LEGAL STANDARDS

Under Rule 54, "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless substantive law requires [otherwise]."  Fed. R. Civ. P. 54(d)(2)(A).  A party that wins a judgment against the United States may recover attorney's fees pursuant to the EAJA.[1]   *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 941 (D.C. Cir. 2005).  "[E]ligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and (4) . . . that any fee application be submitted to the

---

[1] The Act defines a "party" to include "any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed," with an exemption from the net-worth provision for registered 501(c)(3) organizations.  28 U.S.C. § 2412(d)(2)(B).

court within 30 days of final judgment in the action." *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990) (quoting 28 U.S.C. § 2412(d)(1)(A)–(B)).  The party bearing the burden of proof under the EAJA changes depending on which part of the analysis is at issue.  The party seeking fees has an initial burden to demonstrate its "status as a prevailing party" and its compliance with the statutory deadline.  *Taucher v. Brown-Hruska*, 396 F.3d 1168, 1173 (D.C. Cir. 2005) (citation modified).  After the fee-seeking party does so, the burden shifts to the government, which must show that "its legal position was substantially justified or that special circumstances exist making an award unjust."  *Id.* (citation modified).  Finally, the fee-seeking party bears the burden of establishing the reasonableness of its fee request.  *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004).

"If the court finds that all four factors are met, it remains for the district court to determine what fee is reasonable."  *MomoCon, LLC v. Small Bus. Admin.*, No. 21-cv-2386 (RC), 2024 WL 4869253, at *3 (D.D.C. Nov. 22, 2024) (quoting *Jean*, 496 U.S. at 161) (citation modified).  The court must disallow claims for "'excessive, redundant, or otherwise unnecessary' charges."  *Wash. All. of Tech. Workers v. DHS*, 857 F.3d 907, 910 (D.C. Cir. 2017) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).  "[T]he determination of how much to trim from a claim for fees is committed to the district court's discretion."  *Id.* at 910–11 (citing *Okla. Aerotronics, Inc. v. United States*, 943 F.2d 1344, 1347 (D.C. Cir. 1991) (citation modified)).

### III.  ANALYSIS

#### A.  Prevailing Party

To be a prevailing party,[2] "(1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 794 F.3d 21, 23–24 (D.C. Cir. 2015) (quoting *Turner v. Nat'l Transp. Safety Bd. (Turner I)*, 608 F.3d 12, 15 (D.C. Cir. 2010)). "For a court order to sufficiently alter the legal relationship of parties, the order must require a concrete action, or cessation of an action, on the part of the non-prevailing party." *Am. Great Lakes Ports Ass'n v. Zukunft*, 16-cv-1019 (RC), 2021 WL 878891, at *3 (D.D.C. Mar. 9, 2021) (citation modified). The claimant bears the burden of establishing that he is the prevailing party. *Turner v. D.C. Bd. of Elections & Ethics*, 354 F.3d 890, 895 (D.C. Cir. 2004).

To start, the Court's remand to the agency did not, by itself, make Nyman a prevailing party. The remand order did not include any finding of agency error, and it recognized the Board's discretion to grant or deny Nyman's application upon review. Order at 3. As such, it was not "a remand terminating the case and requiring further administrative proceedings in light of agency error."[3] *SecurityPoint Holdings, Inc. v. Transp. Sec. Admin.*, 836 F.3d 32, 39 (D.C. Cir. 2016); *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993). Nor was the Court's eventual

---

[2] The Board does not dispute that Nyman meets the definition of a "party" under the EAJA. 28 U.S.C. § 2412(d)(2).

[3] Likewise, the Navy's voluntary decision to remand "lack[ed] the necessary judicial imprimatur" to make Nyman a prevailing party. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001); *see Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 492 n.1 (D.C. Cir. 2003).

dismissal of the case as moot sufficient to make Nyman a prevailing party as it was simply an "administrative housekeeping measure, not a form of relief." *Turner I*, 608 F.3d at 16.

In contrast, the Board's decision to grant Nyman regular retirement following this Court's remand did make Nyman a prevailing party. "[W]here a court orders a remand to the [agency] in a benefits litigation and retains continuing jurisdiction over the case pending [the agency's] decision . . . the proceedings on remand are an integral part of the civil action for judicial review, and thus attorney's fees for representation on remand [may be] available." *See Sullivan v. Hudson*, 490 U.S. 877, 887–90 (1989) (citation modified). Even though the Board found that it had not erred in its earlier denials of Nyman's application, it nonetheless awarded him the retirement he sought based on "the existence of an injustice." Board's Decision at 3. This decision created a "judicially sanctioned change in the legal relationship of the parties," *Select Milk Producers*, 400 F.3d at 949; *see Sullivan*, 490 U.S. at 887–90. It required the correction of Nyman's naval record, and as a result, he now is entitled to increased retirement compensation. Board's Decision at 3, 5. Because Nyman "achieved [all] of the benefit [he] sought in bringing suit," the Board's decision following this Court's remand "crosse[s] the threshold to a fee award of some kind." *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (citation modified); *see SecurityPoint Holdings*, 836 F.3d at 38.

B.   **Substantially Justified**

Given that Nyman is a "prevailing party," the burden shifts to the government to "show[] that its legal position was substantially justified or that special circumstances make an award unjust." *Taucher*, 396 F.3d at 1173 (citation modified); *Jean*, 496 U.S. at 160. The "'position of the United States' refers both to 'the position taken by the United States in the civil action' and to 'the action or failure to act by the agency upon which the civil action is based.'" *Black Rock*

5

*City LLC v. Haaland*, No. 19-cv-3729 (DLF), 2024 WL 1406549, at *3 (D.D.C. Mar. 28, 2024) (quoting 28 U.S.C. § 2412(d)(2)(D)). Although "the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Jean*, 496 U.S. at 161–62. The government can establish substantial justification "if a reasonable person could think [the government's position was] correct, that is, if it has a reasonable basis in law and fact." *SecurityPoint Holdings*, 836 F.3d at 39 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). "The court assessing an EAJA application must deny costs and fees if, on the basis of this independent perspective, it concludes that the Government acted slightly more than reasonably." *Fed. Election Comm'n v. Rose*, 806 F.2d 1081, 1087 (D.C. Cir. 1986).

Under the military records correction statute, the Secretary of a military department can "correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). And "[a]ny request for reconsideration of a determination . . . shall be reconsidered by a board . . . if supported by materials not previously presented to or considered by the board in making such determination." *Id.* § 1552(a)(3)(D). Regulations further specify that the Board must reconsider a prior determination if the applicant presents "new and material evidence or other matter not previously considered by the Board," including "any factual allegations or arguments." 32 C.F.R. § 723.9. New evidence is "defined as evidence not previously considered by the Board and not reasonably available to the applicant at the time of the previous application." *Id.* Evidence is material if it is "likely to have a substantial effect on the outcome" of the determination. *Id.* Nyman contends that the Board's denial of Nyman's 2018 application was not substantially justified for two reasons: (1) it did not properly consider his new evidence and

6

arguments; and (2) a staff member, instead of the Board itself, denied his petition. Pl.'s Mot. for Attorney's Fees at 6–8.

It is true, as Nyman argues, that "other matters" may include new legal arguments and is not limited to new evidence alone. *See id.*; *see also Jackson v. Mabus*, 808 F.3d 933, 936–37 (D.C. Cir. 2015); *Schmidt v. Spencer*, 319 F. Supp. 3d 386, 392 (D.D.C. 2018), *aff'd sub nom. Schmidt v. McPherson*, 806 F. App'x 10 (D.C. Cir. 2020) (per curiam). But new arguments or evidence must be (1) "not previously considered by the Board"; (2) "not reasonably available to the applicant at the time of the previous application"; and (3) likely to have a "substantial effect on the outcome" of the determination. 32 C.F.R. § 723.9. Here, most of the arguments and evidence that Nyman submitted in support of reconsideration were "reasonably available to [him] at the time of [his] previous application." *Id.*; *see* Procedural Records at 156, Dkt. 24-1; *see also Battle v. Sec'y U.S. Dep't of Navy*, 757 F. App'x 172, 176–77 (3d Cir. 2018).

As far as new evidence goes, at least eight of the nineteen enclosures attached to support reconsideration in 2018 were available before Nyman's first petition for reconsideration in 2005, and at least five more were available before his second petition in 2010. Procedural Records at 156. The only pieces of evidence that postdated Nyman's second petition were a 2014 revised non-medical assessment and a 2017 sworn statement from Master Sergeant Mark Sorenson, Nyman's Physical Evaluation Board Liaison Officer (PEBLO), at the time of discharge. *Id.* at 156, 163. It is unclear how a non-medical assessment that postdates Nyman's separation by fifteen years was relevant to his request for reconsideration. *See id.* at 161. And a sworn statement from his PEBLO may have been topically relevant, but Nyman spoke with his PEBLO about his retirement status previously in 2005 and 2008. *Id.* at 334, 338–39. The fact that Nyman had been in contact with his PEBLO several times prior to 2014 indicates that any new

information presented in the 2017 sworn statement would have been reasonably available to Nyman at the time of his earlier applications.

As far as new arguments go, Nyman's 2018 petition makes various references to Department of Defense and Navy manuals and regulations to show that his case warranted reconsideration. *Id.* at 156. But the most recent guidance cited to support his new legal arguments was published in 2002. *Id.* Thus, these new legal arguments—which were also "reasonably available" to Nyman before his 2010 petition—are not new matters under 32 C.F.R. § 723.9. *Battle*, 757 F. App'x at 176–77.

Nyman is correct that only Board members, and not staff, are authorized to grant or deny reconsideration applications. 10 U.S.C. § 1552(a)(1); *Lipsman v. Sec'y of Army*, 335 F. Supp. 2d 48, 54 (D.D.C. 2004). But his 2018 denial letter states that his request was "reconsidered in accordance with" that statutory requirement. Procedural Records at 151. And there is little, if any, evidence that the government did not comply with proper reconsideration procedures. For one, there is a "presumption of regularity" afforded to a correction board's decision. *Kight v. United States*, 850 F. Supp. 2d 165, 170 (D.D.C. 2012) (citation modified). For another, the claim that the government did not consider his application through Board review is the same claim Nyman alleged when he first filed suit, Compl. ¶¶ 19–23, and "the [EAJA] reasonableness inquiry 'may not be collapsed into an antecedent evaluation of the merits,'" *Taucher*, 396 F.3d at 1173 (citation modified) (quoting *Cooper v. U.S. R.R. Ret. Bd.*, 24 F.3d 1414, 1416 (D.C. Cir. 1994)). The government was plainly substantially justified on this point.

And "treating [the] case as an inclusive whole," *Jean*, 496 U.S. at 162, the government here was substantially justified because it "acted slightly more than reasonably," *Rose*, 806 F.2d

8

at 1087. As a result, Nyman is not eligible to receive attorney's fees under the EAJA. *See Jean*, 496 U.S. at 158. Accordingly, it is

**ORDERED** that the plaintiff's Motion for Attorney's Fees, Dkt. 24, is **DENIED**.

August 1, 2025

DABNEY L. FRIEDRICH
United States District Judge